## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SCHOOL DISTRICT OF          )
UNIVERSITY CITY,            )
                            )
            Plaintiff,      )
                            )
        vs.                 )          No. 4:09CV678-DJS
                            )
SUSAN H. MELLO,             )
                            )
            Defendant.      )

### ORDER

Now before the Court is defendant Susan Mello's motion to remand [Doc. #16]. The matter has been fully briefed and is ready for disposition.

Plaintiff School District of University City originally filed its petition for preliminary and permanent injunctions in the Circuit Court of St. Louis County, Missouri, seeking relief from defendant's alleged written harassment. Doc. #1-2. At the time this petition was filed, defendant lived in the University City School District, and had a daughter who attended a school in that district. Plaintiff's complaint alleges that defendant deluged plaintiff with thousands of pages of indecipherable, frivolous, and insulting faxes and emails. Plaintiff's petition seeks an injunction restricting the manner and frequency defendant can communicate with plaintiff.

After plaintiff filed its petition, defendant moved her residence from the University City School District to the Webster

Groves School District.  After defendant's relocation, plaintiff

moved the state court for an order of dismissal of its petition.

Before disposition of plaintiff's motion to dismiss, defendant

filed an answer and a nine-count counter-claim.  Defendant later

filed an amended counter-claim, alleging violations of various

state statutes and the Missouri constitution, including, for

example, violation of the Missouri Sunshine laws.  Defendant's

amended counter-claim also contains the averment that the plain-

tiff's lawsuit was

> for an unwarranted illegal, improper illegitimate
> perverted ulterior purpose including to act out
> of personal revenge, harass [defendant], take her
> away from her office, to interfere with lawful
> rights including "the right to petition the
> government for redress of grievances" as in Art
> 1 of the US Constitution....

Doc. #8, p. 17.  On May 1, 2009, plaintiff, asserting that

defendant's reference to the United States Constitution demon-

strated defendant's intent to assert federal claims, removed the

action to this Court.  Defendant subsequently filed a motion to

remand, arguing that plaintiff's removal attempt is improper.

Pursuant to 28 U.S.C. §1441(a), "any civil action brought

in a State court of which the district courts of the United States

have original jurisdiction, may be removed by the defendant...to

the district court of the United States for the district and

division embracing the place where such action is pending."  28

U.S.C. §1441(a) (emphasis added).  A defendant's right to remove

actions to federal court "depends on whether the claim comes within

the scope of the federal court's subject matter jurisdiction." Lauder v. Bekins Van Lines Co., 2005 WL 3333269, at *2 (E.D. Mo. Dec. 7, 2005). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000). The entire complaint should be examined, and "[i]f even one claim in the complaint involves a substantial federal question, the entire matter may be removed." Pet Quarters, Inc. v. Depository Trust and Clearing, 559 F.3d 772, 779 (8th Cir. 2009) (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9 (2003)). Nevertheless, mere reference (or artful failure to reference) to a federal statute or the United States Constitution does not necessarily dictate a federal court's jurisdiction. Rather, a court should determine whether the complaint submits a disputed and substantial question of federal law. See Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). Finally, as a general rule, a plaintiff is not allowed to remove an action to federal court after that plaintiff filed its case in state court. Rather, the removal statute confers the right to remove an action squarely upon the defendant. See Am. Intern. Underwriters, Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal

court is clearly limited to defendants."); <u>Geiger v. Arctco Enters.</u>, 910 F. Supp. 130, 132 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), as plaintiffs sought to do here.").

In this case, plaintiff argues that removal is appropriate. Plaintiff argues that defendant's reference to the United States Constitution demonstrates a clear intention to assert a federal cause of action. Further, plaintiff argues that, because it had already moved to dismiss its entire petition when defendant filed her answer and counter-claims, plaintiff's claims are no longer viable, and that only defendant's claims persist. Plaintiff argues that the Court should therefore consider plaintiff a defacto defendant, and allow it to remove the action on the basis of defendant's counter-claims.

The Court finds that defendant's counter-claims, on the face, do not sufficiently allege a federal cause of action to confer original jurisdiction to this Court. Defendant's one sentence citation to the United States Constitution in thirty pages and nine counter-claims does not submit a disputed and substantial question of federal law. Rather, defendant's constitutional reference appears to be contained in a state cause of action, and therefore does not automatically confer federal-question jurisdiction. The Court notes that, in close cases such as this, a

district court should opt for remand.  Further, the Court has found no support for plaintiff's argument that it is really a defacto defendant, and that, in this case, it should not be constrained by the general rule barring plaintiffs from removing state court actions to federal court.  Plaintiff's petition has not yet been dismissed, and it therefore remains the plaintiff in this action. As a result, the Court lacks federal-question jurisdiction over this case.[1]

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Susan Mellow's motion to remand [Doc. #16] is granted as follows.

**IT IS FURTHER ORDERED** that all remaining motions are denied without prejudice to reassertion in state court.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court of St. Louis County, Missouri.

Dated this ___9th___ day of June, 2009.


                                    /s/Donald J. Stohr
                                    UNITED STATES DISTRICT JUDGE

---

[1]Because the Court finds that it lacks jurisdiction, it will not address the parties' arguments regarding the timeliness of plaintiff's notice of removal.